# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-1365-HE |
| ) | |
| JUSTIN JONES, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

In this case, plaintiff has sued various prison officials in connection with his incarceration at the Davis Correctional Facility, Holdenville, Oklahoma. He filed this suit pursuant to 42 U.S.C. § 1983, asserting violations of his First, Eighth, and Fourteenth Amendment rights as well as his rights under the the Religious Land Use and Institutionalized Persons Act of 2000 and Oklahoma state law. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to U. S. Magistrate Judge Charles B. Goodwin.

On July 21, 2014, Judge Goodwin issued a thorough and detailed Report and Recommendation (the "Report") addressing three pending motions: (1) a motion for summary judgment by defendants Wilkinson, Wideman, Adams, and Underwood alleging plaintiff failed to exhaust administrative remedies, (2) defendants Jones and Morton's motion to dismiss, relying on sovereign immunity, and (3) plaintiff's motion for preliminary injunction. The Report recommended that defendants' motions be granted (at least in part) and that, as all defendants are similarly situated as to the dispositive issues, judgment should enter for all of them. It also recommended that plaintiff's motion for preliminary injunction

be denied. Plaintiff Smith, proceeding *pro se*, has timely objected to the Report. Having conducted a *de novo* review in light of plaintiff's objections, the court concludes the Report should be adopted for substantially the reasons stated by Judge Goodwin and as further addressed here.

### a. Eleventh Amendment immunity

Defendants Jones and Morton moved to dismiss Plaintiff's claims against them on the basis of sovereign immunity. The magistrate judge found that, as employees of the Oklahoma Department of Corrections sued in their official capacities, these defendants were entitled to sovereign immunity as to all claims seeking money damages and recommended that they be dismissed accordingly. Plaintiff has failed to timely object to this recommendation, thus waiving his right to appeal the issue of sovereign immunity. *See* 28 U.S.C. § 636(b)(1)(C); United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996). As such, the court concurs with Judge Goodwin's recommendation that all claims for money damages brought against defendants Jones and Morton be dismissed. The claims remaining against these defendants are addressed below.

### b. Exhaustion under the Prison Litigation Reform Act (PLRA)

As to the motion of defendants Wilkinson, Wideman, Adams, and Underwood, Judge Goodwin recommended that plaintiff's claims be dismissed because he failed to exhaust his administrative remedies prior to filing suit. For the most part, plaintiff does not challenge the Report's description of his multiple grievances or the basis for their rejection, but argues he should be excused from strict compliance with the various procedures in light of their

complexity and his multiple attempts at compliance. His arguments are unpersuasive. The various requirements and procedures are no doubt specific, and compliance with them is sometimes involved, but they are not so complicated or convoluted as to justify bypassing them. By its enactment of the exhaustion requirement of § 1997e(a) of the PLRA, Congress eliminated a district court's discretion to dispense with the grievance procedures set by prison officials. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Chumer, 532 U.S. 731, 739 (2001)). It did so to "eliminate unwarranted federal-court interference with the administration of prisons." *Id.* at 93. The Supreme Court has noted that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Similarly, the Tenth Circuit has rejected the suggestion that a prisoner does not have to properly complete the grievance process or that he need not correct deficiencies in his submissions. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Tested against these standards, plaintiff's objections based on "complexity" and "hypertechnicality" do not warrant rejecting the conclusions of the Report.[1] Similarly, plaintiff's objections based on the staff responses to his grievances, or speculation as to the adequacy of their training, do not afford a basis for rejecting the Report's conclusions based on exhaustion.

---

[1]*The court has some hesitation as to the Report's suggestion that a failure to include the words "under penalty of lying to staff" in a grievance necessarily warrants its rejection. However, as no grievance was rejected solely on that basis, it is unnecessary to resolve the question here.*

The magistrate judge also recommended extending the grant of summary judgment based on non-exhaustion to all defendants, including those who had not formally moved for it. Plaintiff objects to that, suggesting it is both procedurally improper and prejudicial as to him. However, as the Report noted, the exhaustion requirement is equally applicable to all of plaintiff's claims and no useful purpose would be served by further motion practice inevitably ending up in the same place. Further, there is no unfair prejudice to defendant. For an unrequested grant of summary judgment to be unfairly prejudicial, it must be so surprising or unexpected that the opposing party was unable to present his side of the story. Kannady v. City of Kiowa, 590 F.3d 1161, 1170-71 (10th Cir. 2010). That is not the case here. Plaintiff was on notice that exhaustion was an issue and he was given–and utilized–the opportunity to address it. There is no reason to think that his response to the potential application of the doctrine would have been any different if explicitly raised by the additional defendants. Therefore, in the circumstances existing here, applying the court's ruling in favor of defendants Jones, Morton, and O'Claire is not unfairly prejudicial to plaintiff.

### c. Plaintiff's motion for preliminary injunction

In light of the court's disposition of plaintiff's objections based on immunity and exhaustion, and for the reasons stated more fully in the Report, the court concurs in the recommendation that plaintiff's motion for preliminary injunction be denied.

### d. State law claims

Apart from the conclusory assertion that this court should assure the various grievance procedures employed are state-law compliant, plaintiff offers no meaningful reason to do so.

In the absence of a viable federal claim and given the procedural posture of this case, it is appropriate to decline to exercise supplemental jurisdiction over any remaining state claims. *See* 28 U.S.C. § 1367(c)(3).

Conclusion

Having conducted a *de novo* review, the court agrees with Magistrate Judge Goodwin's analysis of plaintiff's claims and adopts the Report. The motion to dismiss filed by defendants Jones and Morton is **GRANTED** [Doc # 40]. The motion for summary judgment filed by defendants Wilkinson, Wideman, Adams, and Underwood [Doc. # 35] is **GRANTED**. Similarly, summary judgment is **GRANTED** in favor of all remaining defendants: Jones, Morton, and O'Claire. Finally, plaintiff's motion for preliminary injunction [Doc. # 52] is **DENIED.** This case is dismissed.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE